Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| AMBAR HORTA MÁRQUEZ<br><br>Apelante<br><br>V.<br><br>METRO PAVÍA HEALTHCARE CENTERS, METRO PAVIA CLINIC COMMUNITY HEALTH SYSTEMS Y OTROS<br><br>Apelados | TA2026AP00525 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: RG2025CV00257<br><br>Sobre: Despido Injustificado (Ley Núm. 80), Procedimiento Sumario Bajo la Ley Núm. 2 |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2026.

El 20 de mayo de 2026, compareció ante este Tribunal de Apelaciones, la señora Ambar Horta Márquez (en adelante, señora Horta Márquez o parte apelante), por medio de recurso de *Apelación*. Mediante este, nos solicita que revisemos la *Sentencia* emitida el 31 de marzo de 2026, y notificada el 1 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. En virtud del aludido dictamen, el foro *a quo* declaró HA LUGAR la *Moción de Sentencia Sumaria* presentada por Metro Pavía Clinic (en adelante, Metro Pavía o parte apelada), y en consecuencia, desestimó con perjuicio la *Querella Enmendada* instada por la parte apelante.

Por los fundamentos que a continuación expondremos, se *desestima* el recurso de epígrafe por falta de jurisdicción, por haber sido presentado de forma tardía.

**I**

Del recurso que nos ocupa surge que, la señora Horta Márquez el 30 de mayo de 2025, presentó *Querella* contra Metro Pavía Healthcare Centers; Integrate Community Health SYS; Fulano de Tal; Sutano de Tal; Perencejo de Tal; Aseguradoras ABC por Despido Injustificado, en virtud de la Ley 80 de 30 de mayo de 1976, según enmendada (Ley Núm. 80), y al amparo del Procedimiento Sumario de la Ley Núm. 2 del 17 de octubre de 1961, según enmendada.

Más adelante, la parte apelante presentó *Querella (Enmendada)*. En su petitorio, la parte apelante sostuvo que trabajó 11 años para la parte apelada, hasta que fue despedida sin justa causa. Conforme a lo anterior, solicitó ser indemnizada por el alegado despido injustificado.

El 27 de junio de 2025 compareció la parte apelada mediante *Contestación a Querella Enmendada*. Según alegó afirmativamente, el despido de la parte apelante fue legítimo, *bona fide* y realizado con justa causa en cumplimiento con las disposiciones de la Ley Núm. 80, de la Ley Núm. 4 de 26 de enero de 2017 y con la jurisprudencia interpretativa aplicable. En esencia, argumentó que, el despido de la señora Horta Márquez obedeció a un proceso de reorganización legítimo por la empresa, con el propósito de reducir costos y aumentar la competitividad o productividad de la empresa. Solicitó al foro primario declarar No Ha Lugar la querella de la parte apelante y desestimarla con perjuicio.

Posteriormente, la parte apelada presentó *Moción de Desestimación al Amparo de las Reglas 10.2 (3) y 10.2 (5) de Procedimiento Civil*. Arguyó que, la querella no contenía hechos que justificaran la concesión de un remedio en virtud de la Ley Núm. 80. Sostuvo que la querella únicamente recita los elementos de la causa de acción sin esbozar alegaciones fácticas. Explicó que, conforme a

la Ley Núm. 80, le correspondía al empleado plasmar los hechos específicos por los cuales alega que su despido fue injustificado. Añadió que, el Tribunal de Primera Instancia no tenía jurisdicción sobre su persona por insuficiencia del emplazamiento. Por lo anterior, solicitó al foro apelado desestimar con perjuicio la *Querella (Enmendada)*.

Mediante *Orden* el foro *a quo* le concedió a la parte apelante 20 días para fijar su posición.

Subsiguientemente, la parte apelante presentó *Escrito en R[é]plica a Solicitud de Desestimaci[ó]n*. De acuerdo a su escrito, al amparo de la Ley Núm. 80, le correspondía únicamente plasmar el hecho específico del despido. A su juicio, el hecho específico base era la ocurrencia del despido del cual se desconocía su causa. De igual manera, aseguró que el emplazamiento fue realizado correctamente. Solicitó al foro primario que declarara No Ha Lugar la moción de desestimación.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 13 de febrero de 2026, la parte apelada presentó *Moción de Sentencia Sumaria*. Sugirió 33 determinaciones de hechos que, a su juicio, no se encontraban en controversia. Insistió en que, el despido de la señora Horta Márquez fue justificado y que respondió a una reorganización legítima y *bona fide*, adoptada en atención al buen y normal funcionamiento del establecimiento. Por último, le solicitó al foro *a quo* declarar Ha Lugar la *Moción de Sentencia Sumaria* y desestimar con perjuicio la querella de epígrafe en su totalidad.

Mediante *Orden*, el foro de primera instancia le concedió a la parte apelante un término de diez días para exponer su posición respecto a la solicitud de sentencia sumaria, so pena de conceder el remedio solicitado.

La parte apelante, el 4 de marzo de 2026, presentó una solicitud de prórroga para cumplir con lo ordenado. Tal solicitud fue declarada Ha Lugar por el foro *a quo* mediante *Orden,* donde le concedió el término de diez días adicionales.

El 16 de marzo de 2026, la parte apelante nuevamente interpuso solicitud de prórroga para presentar su oposición a la moción de sentencia sumaria instada por la parte apelada. Por medio de *Orden,* la primera instancia judicial le concedió hasta el 18 de marzo de 2026 para presentar su oposición. Sin embargo, no surge del expediente que la parte apelante hubiese presentado su oposición dentro del término provisto.

Finalmente, el Tribunal de Primera Instancia, emitió *Sentencia* el 31 de marzo de 2026[1], donde esbozó 33 hechos no controvertidos. Asimismo, en su *Sentencia,* dispuso lo siguiente:

> Por los fundamentos antes expuestos, este Tribunal declara HA LUGAR la Moción de Sentencia Sumaria presentada por Metro Pavía Clinic y, en consecuencia, desestima la Querella Enmendada con perjuicio en su totalidad por concluir que el despido de la Sra. Ambar Horta Márquez fue justificado.

Inconforme con tal determinación, la parte apelante el 16 de abril de 2026, presentó *Escrito de Reconsideración Solicitando Nulidad de Sentencia.* Dicha moción fue declarada No Ha Lugar por el foro *a quo* mediante *Resolución Interlocutoria* emitida el 20 de abril de 2026.

En desacuerdo, la parte apelante acudió ante este foro revisor y esgrimió el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al dictar sentencia final en virtud de una solicitud de sentencia sumaria presentada basada en una transcripci[ó]n de deposici[ó]n la cual no cumplió con la Regla 27.8 de las de Procedimiento Civil de Puerto Rico y, por ende, violentaba el debido proceso de Ley de la parte demandante.

---

[1] Notificada el 1ro de abril de 2026.

Por no entenderlo necesario, prescindimos de la comparecencia de la parte apelada.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power. Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[2] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[3] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020).[4]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power. Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

---

[2] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[3] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[4] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[5], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

## B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019); *Freire Ruiz et al. v. Morales, Hernández*, supra. Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso

---

[5] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. Su presentación carece de eficacia y como consecuencia, no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, supra, pág. 4.

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107. En cambio, la desestimacion de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apeldo resuelve lo que estaba ante su consideración. *Íd.*

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005); *Freire Ruiz et al. v. Morales, Hernández*, supra.

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[6] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido,

---

[6] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[7]

## C. *Ley de Procedimiento Sumario de Reclamaciones Laborales*

La Ley Núm. 2 de 17 de octubre de 1961, según enmendada, provee un mecanismo procesal sumario mediante el cual se persigue lograr la rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos. La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero así despedido recursos económicos entre un empleo y otro. 32 LPRA § 3118; Véase, *León Torres v. Rivera Lebrón*, 204 DPR 20, 33 (2020); *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265; *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731-732 (2016); *Vizcarrondo Morales v. MVM, Inc.*, 174 DOR 921, 928 (2008); *Ocasio v. Kelly Servs.*, 163 DPR 653, 665-666 (2005); *Lucero v. San Juan Star*, 159 DPR 494, 503-504 (2003); *Rodríguez v. Syntex P.R., Inc.*, 148 DPR 604, 612 (1999); *Rivera Rivera v. Insular Wire Products, Corp.*, 140 DPR 912, 923 (1996).

En vista de su carácter reparador, esta ley debe ser interpretada liberalmente a favor del empleado. *Vizcarrondo Morales v. MVM, Inc.*, supra; *Ocasio v. Kelly Servs.*, supra, pág. 665; *Ruiz v. Col. San Agustín*, 152 DPR 226, 232 (2000). Ello, según ha establecido nuestro Tribunal Supremo, en virtud de la desigualdad de medios económicos que existe entre las partes. *Vizcarrondo Morales v. MVM, Inc.*, supra, págs. 928-929. Por tanto, el procedimiento le impone la carga procesal más onerosa al patrono,

---

[7] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, supra, pág. 130.

sin que ello signifique que este queda privado de defender sus derechos. *Íd.*, pág. 929.

Sobre este particular, nuestra última instancia judicial ha expresado que la naturaleza sumaria del procedimiento constituye su característica esencial, por lo que tenemos la obligación de promover y exigir diligencia y prontitud en la tramitación de las reclamaciones laborales conforme al claro mandato legislativo plasmado en la Ley Núm. 2-1961, *supra. Íd.*; *Mercado Cintrón v. Zeta Communications, Inc.*, 135 DPR 737, 742 (1994); *Díaz v. Hotel Miramar Corp.*, 103 DPR 314, 316 (1975). En vista de ello, tanto los tribunales como las partes deben respetar los términos relativamente cortos dispuestos en el estatuto para contestar la querella; los criterios estrictos para conceder una prórroga para contestar la querella; el mecanismo especial que flexibiliza el emplazamiento del patrono y -entre otras particularidades provistas por la ley- las limitaciones en el uso de los mecanismos de descubrimiento de prueba. *Vizcarrondo Morales v. MVM, Inc.*, supra, pág. 929. De no hacerlo, el procedimiento se convertiría en uno ordinario, lo cual sería incompatible tanto con el mandato legislativo de diligencia en el dictamen judicial, como con su carácter reparador. *Íd.*; *Lucero Cuevas v. San Juan Star,* supra, págs. 505-506.

Consecuentemente, nuestro más Alto Foro ha reiterado que, la esencia del trámite fijado en las reclamaciones al amparo de la Ley Núm. 2-1961, *supra,* es la naturaleza sumaria del procedimiento. "Desprovista de esa característica sumaria, resultaría un procedimiento ordinario más, incompatible con el mandato legislativo." *Íd.*; *Rodríguez v. Syntex P.R., Inc.*, supra, pág. 612; *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 493 (1999).

En lo pertinente al caso de marras, la sección 9 de la Ley Núm. 2-1961, 32 LPRA § 3127, entre otros asuntos, dispone que una parte que se considere perjudicada por una sentencia emitida por el Tribunal de Primera Instancia, cuenta con un **término jurisdiccional de diez (10) días** para acudir ante este Tribunal de Apelación, computados a partir de la notificación de la sentencia del foro de instancia. Véase, *Ruiz Camino v. Trafon Group, Inc.*, supra, pág. 267; *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 733.

Por otro lado, precisa destacar que, el Tribunal Supremo de Puerto Rico se ha expresado en relación al alcance de la revisión judicial de determinaciones judiciales dictadas en un procedimiento sumario al amparo de la Ley Núm. 2-1961, *supra*.

Respecto a los *dictámenes finales*, emitidos en pleitos laborales presentados al amparo del procedimiento sumario que provee la Ley Núm. 2-1961, *supra*, nuestro Alto dispuso, en *Patiño Chirino v. Parador Villa Antonio*, supra, que los mismos no pueden ser objeto de reconsideración. *Íd.*, pág. 441. En lo específico, expresó lo siguiente:

> [L]as enmiendas recientes a la [Ley Núm. 2-1971, *supra*,] reflejan la intención del legislador de extender el carácter sumario de la ley a la etapa apelativa. Por consiguiente, y en atención a los fines que persigue la ley y a la política pública que la inspira, concluimos que **la moción de reconsideración es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2**, *supra. Íd.*, pág. 450. (Citas omitidas y Énfasis suplido.)[8]

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

---

[8] Véase, además, *León Torres v. Rivera Lebrón*, supra, págs. 32-33; *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 265.

De entrada, es necesario resaltar dos asuntos. En primer lugar, destacamos que, surge del expediente que el pleito de epígrafe fue instado al amparo de la Ley Núm. 2-1961, *supra*, es decir bajo el procedimiento sumario. No surge de forma alguna que las partes hubieren presentado una solicitud para convertir el pleito al trámite ordinario, así como no surge resolución alguna emitida por el foro *a quo*, a tales fines. Por tanto, el caso de epígrafe mantuvo su carácter sumario.

En segundo lugar, es menester reseñar que, la parte apelante se encontraba impedida de presentar una solicitud de reconsideración de la *Sentencia* emitida por la primera instancia judicial. Sin embargo, la parte apelante presentó una moción de reconsideración. Nuestro Tribunal Supremo ha expresado que, la solicitud de reconsideración es incompatible con el procedimiento sumario que provee la Ley Núm. 2-1961, *supra*.[9] Según esbozáramos, "esa es la interpretación más cónsona con el propósito de la legislación de que las controversias laborales se tramiten de forma expedita."[10] Conforme a lo anterior, el *Escrito de Reconsideración Solicitando Nulidad de Sentencia* presentado el 16 de abril de 2026, por la señora Horta Márquez no tuvo efecto interruptor.

De otro lado, la *Sentencia* cuya revisión nos atiene, fue **emitida** el **31 de marzo de 2026,** y **notificada** el **1 de abril de 2026**. De acuerdo a la normativa expuesta, la parte apelante contaba con un **término jurisdiccional de diez (10) días**, a partir de la notificación del aludido dictamen, para solicitar ante este foro apelativo la revisión del mismo.[11] Es decir, la parte apelante contaba hasta el **11 de abril de 2026** para solicitar ante este Tribunal la

---

[9] *Lucero Cuevas v. San Juan Star,* supra, pág. 505.
[10] *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 737.
[11] 32 LPRA § 3127; *Ruiz Camilo v. Trafon Group,* Inc., supra, pág. 266.

revisión del dictamen emitido por el foro apelado. Empero, según surge del tracto procesal antes reseñado, la parte apelante compareció ante este Tribunal de Apelaciones el **20 de mayo de 2026**. Como podemos observar, el recurso de epígrafe fue presentado luego de haber transcurrido de más de un mes del término dispuesto por nuestro ordenamiento jurídico.

Es sabido que, el incumplimiento de una parte con un término jurisdiccional establecido por ley, priva al tribunal de jurisdicción para atender los méritos de la controversia.[12]

Habiéndose incumplido con el término de diez días que disponía la señora Horta Márquez para presentar el recurso de epígrafe, conforme a las disposiciones de la Ley Núm. 2-1961, *supra,* procedemos a desestimarlo por falta de jurisdicción.

**IV**

De conformidad a los fundamentos expuestos, se *desestima* el recurso de epígrafe por falta de jurisdicción, por haber sido presentado de forma tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] *Ruiz Camilo v. Trafon Group, Inc.,* supra, págs. 268-269.